UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO SASTRE ALVAREZ,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-05148-KES-HBK (HC)<br>ORDER DIRECTING SUPPLEMENTAL BRIEFING<br>SEVEN-DAY DEADLINE |

Petitioner, an immigrant detainee in the custody of U.S. Immigration and Customs Enforcement (ICE) at the California City ICE Processing Facility in California City, California, proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Petitioner challenges his continued detention as violating the Due Process Clause of the Fifth Amendment. (*Id.*).

Federal courts have an independent duty to consider their own subject-matter jurisdiction. Fed. Rule of Civ. P. 12(h)(3); *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Under Article III, Section 2 of the Constitution, a federal court's jurisdiction is limited to adjudication of live cases and controversies. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires

that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed,") (internal quotation marks omitted). To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted).

In the habeas context, the case or controversy requirement mandates dismissal as moot if (1) the petitioner has received the requested relief, or (2) the court is unable to provide the requested relief. *Aniyeloye v. Birkholz,* 2023 WL 4868545, at *1 (C.D. Cal. July 31, 2023) (citing *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997)); *see also Dominguez v. Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018) (explaining that a case is moot when it is "impossible for a court to grant any effectual relief" on petitioner's claim).

The Court conducted a *sua sponte* search of the ICE Online Detainee Locator System, which returned no matching records for Petition. A search of the Executive Office for Immigration Review ("EOIR") Automated Case Information System indicated likewise returned the message, "No case found for this A-Number."[1] These search results raise a question as to whether Petitioner remains in ICE custody. Accordingly, supplemental briefing is necessary to determine whether this action is moot before the Court reaches the merits.

Accordingly, IT IS ORDERED:

1. Within seven (7) days after service of this Order, Respondents shall file supplemental briefing identifying Petitioner's current custody status and addressing whether this action is moot. If Petitioner has been released from ICE custody or removed from the United States, Respondents shall identify the date and circumstances of his release or removal and explain the effect, if any, on the relief sought in the petition.
2. If Petitioner remains in ICE custody, including at a facility not reflected in the ICE Online Detainee Locator System, Respondents shall identify the current place of

---

[1] *See* ICE Detainee Locator, https://locator.ice.gov/odls/#/search (last visited November 12, 2026); EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited November 12, 2026). The Court may take judicial notice of information on official government websites. *McClure v. Ives*, 2010 WL 716193, at *3 (E.D. Cal. Feb. 26, 2010); *see also United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of the Bureau of Prisons' publicly available inmate locator).

detention and provide an update concerning his removal under 8 U.S.C. § 1231. The supplemental briefing shall be supported by a declaration based on personal knowledge and relevant documentary evidence and shall address whether there is a significant likelihood that Petitioner will be removed in the reasonably foreseeable future. Generalized or conclusory assertions that removal remains possible will not suffice. Respondents shall provide concrete, current, and case-specific information regarding:

a. The status of travel documents and Mexico's willingness to accept Petitioner;

b. The steps taken to effectuate removal and the results of those efforts;

c. Any remaining legal, diplomatic, or logistical barriers, including, as applicable:

    i. Any documented failure by Petitioner to cooperate with removal to Mexico as a third country upon which Respondents rely to support extending the removal period under 8 U.S.C. § 1231(a)(1)(C); and

    ii. The status of any pending requests by Petitioner for withholding of removal to Mexico or protection under the Convention Against Torture (CAT); and

d. A good-faith estimate, supported by specific facts, of when removal is expected to occur.

3. Within seven (7) days after service of Respondents' supplemental briefing, Petitioner may file a response addressing the mattes raised in that briefing and presenting any additional relevant facts, arguments, or legal authority.

Dated: November 12, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE